This decision of the Supreme Court of New Mexico was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Supreme Court.

**IN THE SUPREME COURT OF THE STATE OF NEW MEXICO**

**Filing Date: October 31, 2024**

**No. S-1-SC-39373**

**DAVID PADILLA,**

Petitioner,

v.

**HECTOR RIOS, Warden,**

Respondent.

**ORIGINAL PROCEEDING ON CERTIORARI**
**Karen L. Townsend, District Judge**

Law Offices of the Public Defender
Bennett J. Baur, Chief Public Defender
Tania Shahani, Assistant Appellant Defender
Santa Fe, NM

for Petitioner

Raul Torrez, Attorney General
Teresa Ryan, Assistant Solicitor General
Santa Fe, NM

for Respondent

**DISPOSITIONAL ORDER**

**PER CURIAM.**

**{1}**     This matter came before the Court on certiorari from the district court's summary dismissal of Petitioner David Padilla's petition for a writ of habeas corpus. *See* Rule 12-501 NMRA (governing petitions for writs of certiorari seeking review of the denial of habeas corpus petitions by the district court).

**{2}**     The Court reviewed the parties' briefing, the record below, and is otherwise fully informed on the issues and applicable law.

**{3}**     The Court invokes its discretion to dispose of this matter by non-precedential order. *See* Rule 12-405(B) NMRA (providing the circumstances for when "[t]he appellate court may dispose of a case by non-precedential order").

**IT IS THEREFORE ADJUDGED THAT:**

**{4}**     Petitioner filed a habeas petition requesting that the district court resentence him and only impose a two-year parole term as explicitly set forth in the plea agreement, which provided for "fifteen (15) years [in custody] . . . followed by two (2) years Parole." Petitioner argued below that his plea was not knowing, voluntary, and intelligent because, after accepting the plea, the district court sentenced Petitioner to an indeterminate parole term of five-to-twenty years and later amended the parole term sua sponte to a term of not less than five years and up to Petitioner's natural life, as required by statute. *See* NMSA 1978 § 31-21-10.1(A)(2) (2007).

**{5}**     Petitioner argues the district court erred by summarily dismissing his petition under Rule 5-802(I)(1) NMRA. Rule 5-802(I)(1) allows summary dismissal of a successive petition when any claim was "*not* raised in a prior petition unless fundamental error has occurred." (Emphasis added.) We agree with Petitioner. Summary dismissal was improper under Rule 5-802(I)(1) because Petitioner raised the same claim in a prior petition filed in 2017. In that petition, he alleged that the district court illegally enhanced his sentence because the agreed upon two-year parole term in the plea agreement was subsequently amended to a parole term of five years to twenty years and, ultimately, to a parole term of five years to natural life. The district court did not reach the merits of Petitioner's 2017 claim because it confused the challenge of the illegal *enhancement* of the parole term with a challenge against the legality of the parole term itself, finding that the parole term was not an illegal sentence because a parole term of five years to natural life "comports with statute."

**{6}**     While this appeal was pending, we decided *State v. Romero*, 2023-NMSC-008, 538 P.3d 640. In *Romero* we concluded the defendant was prejudiced when the district court accepted a plea agreement with an illegal two-year parole term and like this case, the district court later imposed a harsher sentence to reflect the mandatory parole term of "not less than five years and up to natural life." *Id.* ¶¶ 50, 52. We held that the district court erred in not providing the defendant the opportunity to withdraw his plea and we remanded the case to the district court with instructions to allow the defendant the opportunity to withdraw his plea. *Id.* ¶¶ 4, 50, 52.

**{7}**     *Romero* supports the same relief in this case. We therefore hold that Petitioner should be afforded an opportunity to withdraw his plea.

**{8}**     **NOW THEREFORE, WE REVERSE** the district court's summary dismissal of Petitioner's habeas petition and **WE REMAND** with instructions to allow Petitioner to withdraw his plea, and for such further proceedings as the State may wish to pursue.

**{9}** IT IS SO ORDERED.

**DAVID K. THOMSON, Chief Justice**

**MICHAEL E. VIGIL, Justice**

**C. SHANNON BACON, Justice**

**JULIE J. VARGAS, Justice**

**BRIANA H. ZAMORA, Justice**